IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SANDRA M. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 7:15CV00131 |
| ) | |
| LENDMARK FINANCIAL SERVICES, LLC, ) | |
| Serve: CT Corporation System ) | |
|       4701 Cox Road Ste 285 ) | |
|       Glen Allen, VA 23060-6802 ) | |
|       (Henrico County) ) | |
|       Defendant. ) | |

## COMPLAINT

Plaintiff Sandra M. Davis files this complaint against defendant Lendmark Financial Services, LLC (hereinafter "Lendmark"), and as grounds therefore states as follows:

### STATEMENT OF THE CASE, JURISDICTION AND VENUE

(1) This is a complaint to remedy violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, as amended, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* ("Title VII"), as amended, and the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §§621, *et seq.*

(2) This Court has jurisdiction over the ADA claim pursuant to ADA Section 107, 42 U.S.C. §12117, which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§2000e-5, *et seq.* This Court has jurisdiction over the Title VII claim pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1343(a)(4). This Court has jurisdiction over the ADEA claim pursuant to 29 U.S.C. §§621, *et seq.*

(3) Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission and the Virginia Council on Human Rights on October 10, 2014; exhausted all administrative procedures; received a notice of right to sue dated December 30, 2014; and files this Complaint within ninety (90) days of receipt thereof.

1

(4) Venue properly lies in the Roanoke division of the western district of Virginia in that all of the discriminatory acts alleged herein occurred in the western district of Virginia.

**PARTIES**

(5) Plaintiff at all times material hereto is and was a resident of the Commonwealth of Virginia. At all times material hereto, plaintiff was employed by Lendmark Financial Services, LLC as a customer service representative.

(6) Lendmark Financial Services, LLC is a limited liability corporation doing business in the western district of the Commonwealth of Virginia and elsewhere.

(7) At all times material hereto, Lendmark Financial Services, LLC, is and was a "person" within the meaning of ADA Section 101(7), 42 U.S.C. §12111(7). At all times material hereto, Lendmark employed 500 or more employees and is and was an "employer" within the meaning of ADA Section 101(5)(A), 42 U.S.C. §12111(5)(A) and is and was engaged in an industry affecting commerce within the meaning of ADA Section 101(7), U.S.C. §12111(7). At all times material hereto, Lendmark Financial Services, LLC is and was a "person" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(a). At all times material hereto Lendmark Financial Services, LLC is and was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), that is, at all times material hereto Lendmark Financial Services, LLC is and was a person engaged in an industry affecting commerce which had fifteen or more employees for each working day in each of twenty or more calendar weeks during the years of plaintiff's employment or the preceding calendar year. At all times material hereto, Lendmark Financial Services, LLC is and was an "employer" within the meaning of the Age Discrimination in Employment Act, 29 U.S.C.A. §621(b), that is, at all times material hereto Lendmark Financial Services, LLC is and was a person engaged in an industry affecting commerce which had twenty (20) or more employees for each working day in each of twenty or more calendar weeks during the years of plaintiff's employment or the preceding calendar year.

## STATEMENT OF FACTS

(8) Plaintiff went to work for Lendmark Financial Services, LLC (plaintiff is not certain of the precise legal name of her employer) as a customer service representative on or about May 5, 2014 (all dates in this Complaint are approximate).

(9) In approximately June 2014, plaintiff began to experience harassment by Lendmark's assistant vice-president, her branch manager, and her supervisor in the form of unwelcome and offensive sexual remarks and discriminatory and hurtful remarks about her age and disability.

(10) Plaintiff is a 52 year old female. She suffers from 40-50% hearing loss in both of her ears. At the beginning of her employment, plaintiff informed Lendmark's branch manager and assistant branch manager of her disability. Plaintiff also requested that the branch manager and assistant branch manager come closer to her when speaking to her and to make sure that plaintiff heard them when speaking to her. On occasion plaintiff could not hear what the managers were saying and had to ask them to repeat what they had said.

(11) Instead of accommodating the request, the managers harassed plaintiff because of her hearing loss. For example, when plaintiff told the branch manager and supervisor that she could not hear what they were saying and asked for them to repeat it, they sometimes screamed at her and then laughed and said "deaf." On another occasion, for example, the branch manager had another employee call plaintiff and pretend to be a customer. The woman screamed at plaintiff and said that plaintiff had called her every minute of every day for collections and asked plaintiff "what the fuck she was doing," or words to that effect. The caller also asked plaintiff "what the hell was taking her so long to bring up her account," or words to that effect. The caller also asked plaintiff "whether she was deaf or dumb" then referred to plaintiff as a "dumb bitch" and hung up. After the call, the branch manager laughed at plaintiff and told plaintiff that the person was an employee from another branch whom he had just gotten off the phone with prior to having her call plaintiff. On another occasion, when plaintiff told her

3

supervisor and the branch manager about driving an 84 year old woman who was having trouble with directions and being able to hear, the branch manager responded, "now you see what I have to put up with from you with your hearing and age," or some such. On another occasion the branch manager pretended that there was a wreck in front of the business and said to plaintiff, "didn't you hear that." After plaintiff responded "no" and proceeded to go look for the accident, the branch manager and supervisor laughed at plaintiff.

(12) With respect to age discrimination, for example the assistant vice-president tried to make plaintiff call customers of plaintiff's previous employer, a competitor, in order to bring business to Lendmark. When plaintiff told him that she did not think that was right and thought that she might go to jail for doing so, he kept on and on and told plaintiff that she would not be there (at Lendmark) long due to her age. In addition, on a separate occasion plaintiff's supervisor asked plaintiff what "sacking" was. When plaintiff responded that she did not know, her supervisor laughed and said, "with your age and you don't know what that means," or words to that effect. On another occasion, while plaintiff was relaying a story about a bird landing on her driver's side mirror while eating lunch in her car, the branch manager interjected, "that's surprising, since you are a scarecrow with your age," or words to that effect.

(13) With respect to sexual harassment, for example the branch manager and supervisor suggested that she should have a sexual relationship with a particular customer — a butcher shop employee — commenting that he would "show plaintiff a real good time having sex," or words to that effect, while laughing. Her supervisor also suggested that plaintiff should "roll around in the meat with Joe while having sex with him," or words to that effect. The branch manager laughed and told plaintiff that she "could get free meat that way," or words to that effect. The branch manager also asked her on another occasion whether she dressed up for work for "Joe" (the customer).

(14) Plaintiff repeatedly begged the branch manager, her supervisor, and the assistant vice-president to stop, but they would not. Instead they continued to sexually harass plaintiff and make hurtful and derogatory remarks to her on account of her age and hearing loss.

(15) Plaintiff eventually had a nervous breakdown to the point she had to seek psychiatric counseling and medication as a result of the hostile work environment.

(16) Plaintiff's doctor removed her from work as a result on or about August 8, 2014.

(17) Lendmark then terminated plaintiff's employment on or about March 1, 2015.

## COUNT I: CLAIM FOR VIOLATION OF AMERICANS WITH DISABILITIES ACT

(18) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(19) At all times material hereto, plaintiff was an individual with a "disability" within the meaning of the ADA in that she had a physical impairment that limited one or more of her major life activities, including but not limited to hearing, interacting with others, and working, had a record of such impairment, or was perceived and regarded by Lendmark as having such impairment.

(20) Plaintiff was a "qualified individual with a disability" as that term is defined by the ADA. At all times material hereto, plaintiff was an individual with a disability who, with or without a reasonable accommodation, could perform the essential functions of her job with Lendmark.

(21) Defendant's treatment of plaintiff constitutes discrimination against plaintiff with respect to the terms, conditions, and privileges of employment in violation of the ADA, as amended.

(22) As a direct and proximate result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer lost wages and benefits, mental anguish, loss of enjoyment of life, pain and suffering, and other non-pecuniary loss.

(23) Defendant also acted with malice or with reckless indifference of plaintiff's federally protected rights so as to support an award of exemplary damages.

## COUNT II: CLAIM FOR SEXUAL HARASSMENT

(24) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(25) At all times material hereto, defendant had a duty to maintain a work environment free of sex discrimination and harassment.

(26) Defendant knew or should have known of the harassment and failed to take prompt remedial action reasonably calculated to end the harassment.

(27) Defendant condoned the sexual harassment by failing to take adequate remedial action.

(28) Defendant further violated federal law by failing to take action reasonably calculated to prevent sex discrimination and harassment and by permitting a work environment to exist that was hostile and offensive to plaintiff.

(29) As a direct and proximate result of defendant's actions, plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

(30) At all times material hereto, defendant engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of plaintiff so as to support an award of compensatory and punitive damages.

(31) The above-described acts by defendant constitute sex harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*

## COUNT III: CLAIM FOR AGE DISCRIMINATION

(32) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(33) The actions of defendant as described herein also constitute discrimination based upon age in violation the ADEA.

(34) As a direct result, plaintiff has suffered and will continue to suffer loss of income and employment benefits, as well as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

(35) Defendant acted willfully and with actual malice or with reckless disregard of the law in depriving plaintiff of employment opportunities because of her age, so as to support an award of liquidated and punitive damages.

WHEREFORE, plaintiff Sandra M. Davis demands judgment against defendant Lendmark Financial Services, LLC as follows:

(1) issue declaratory judgment that defendant's acts violate the ADA, Title VII, and the ADEA;

(2) issue a permanent injunction restraining defendant from violating the provisions of the ADA, Title VII, and the ADEA;

(3) award damages for loss of income and employment benefits, including both front and back pay, and damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life; as well as an award of punitive and liquidated damages, in an amount to be determined during the course of discovery and at trial;

(4) award to plaintiff her costs and attorney's fees and expenses; and,

(5) for such other and further relief as may be just and equitable.

Plaintiff demands trial by jury.

Respectfully submitted,

SANDRA M. DAVIS

By  /s/ Terry N. Grimes
Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
Brittany M. Haddox, Esquire (VSB No. 86416)
TERRY N. GRIMES, ESQ., P.C.
Franklin Commons
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
(540) 982-3711
(540) 345-6572 *Facsimile*
Email: *tgrimes@terryngrimes.com*
Email: *bhaddox@terryngrimes.com*
    *Counsel for Plaintiff*