IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SANDRA M. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 7:15-cv-131 |
| ) | |
| LENDMARK FINANCIAL SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO ENLARGE TIME AND COMPEL DISCOVERY OR
STRIKE DECLARATION AND DENY DEFENDANT'S MOTION TO COMPEL
<u>ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION</u>**

Plaintiff Sandra M. Davis, through counsel, moves for entry of an order compelling discovery or striking defendant Lendmark Financial Services, LLC's ("Lendmark") declaration and denying the motion to compel arbitration and stay proceedings pending arbitration, and enlarging time for plaintiff to respond to Lendmark's motion to compel arbitration and stay proceedings pending arbitration, and in support thereof states as follows:

(1)   Lendmark has filed herein a motion to compel arbitration and stay proceedings pending arbitration [ECF 12]. The factual basis for Lenmarks's motion is the declaration of Kristen Stapp [ECF 12-2].

(2)   It is necessary for plaintiff to conduct discovery with respect to the motion, and specifically, to depose Stapp, as much of the information needed to prepare a response to the motion is in the exclusive possession of Lendmark (Exhibit 1).

(3)   Plaintiff has asked defense counsel for available dates to depose Kristen Stapp (Exhibit 2).

(4)   To date, plaintiff has not received a response.

(5)   If Lendmark will not permit discovery, plaintiff requests entry of an order striking the declaration from the record and denying the motion to compel arbitration and stay proceedings pending arbitration.

1

(6)     Plaintiff also requests entry of an order enlarging time to respond to Lendmark's motion until the necessary discovery has been completed. Without discovery, plaintiff cannot respond adequately to defendant's motion (Ex. 1).

(7)     As the Fourth Circuit explained in Gay v. Wall, 761 F.2d 175 (4th Cir. 1985), a party must be afforded an opportunity for reasonable discovery before responding to a motion. In Gay, the Fourth Circuit made clear that it is reversible error to convert a motion to dismiss, or here a motion to compel arbitration and stay proceedings pending arbitration, to a motion for summary judgment without affording the opposing party the opportunity to conduct the discovery necessary to oppose the motion,

> It was the lack of a reasonable opportunity for discovery which made conversion of the Rule 12(b)(6) motion "wholly inappropriate." Because [plaintiff] was not afforded an opportunity for reasonable discovery, the district court's treatment of the motion to dismiss as a motion for summary judgment was an abuse of discretion. We therefore reverse the judgment of the district court on this point and remand the case for further proceedings.

Gay, 761 F.2d at 177-78.

WHEREFORE, plaintiff Sandra M. Davis requests entry of an order compelling discovery or striking Stapp's declaration from the record and denying Lendmark Financial Services, LCC's motion to compel arbitration and stay proceedings pending arbitration, and for entry of an order enlarging the time for plaintiff to respond to Lendmark's motion.

Respectfully submitted,

SANDRA M. DAVIS

By  /s/ Terry N. Grimes
        Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
Brittany M. Haddox, Esquire (VSB No. 86416)
TERRY N. GRIMES, ESQ., P.C.
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
(540) 982-3711
(540) 345-6572 *Facsimile*
Email: *tgrimes@terryngrimes.com*
Email: *bhaddox@terryngrimes.com*
        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of August, 2015, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court through the CM/ECF system, which will send notification to all counsel of record.

               /s/ *Terry N. Grimes*
               Terry N. Grimes