IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

SANDRA M. DAVIS

   PLAINTIFF,

v.

LENDMARK FINANCIAL SERVICES, LLC

   DEFENDANT.

Civ. A. No.: 7:15-CV-00131-MFU

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME AND COMPEL DISCOVERY OR STRIKE DECLARATION AND DENY DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION**

  Defendant Lendmark Financial Services, LLC ("Lendmark"), by and through its undersigned counsel, states as follows for its Opposition to Plaintiff's Motion to Enlarge Time and Compel Discovery or Strike Declaration and Deny Lendmark's Motion to Compel Arbitration and to Stay this Proceeding[1] ("Davis' Motion to Enlarge"):

**I. INTRODUCTION**

  Davis agreed to arbitrate any and all claims arising out of her employment under the Arbitration Agreement and should be compelled to arbitrate the employment claims set forth in the Complaint. This Court should not allow Davis to delay these proceedings or conduct discovery on the arbitrability of the Arbitration Agreement, as Davis and Lendmark agreed that an arbitrator would resolve, among other things, any dispute regarding the validity and enforceability of the Arbitration Agreement. For these

---

[1] *See* Docket Entry No. 15.

reasons, which are expressed below in more detail, this Court should grant Lendmark's Motion to Compel Arbitration and deny Davis' Motion to Enlarge.

## II. RELEVANT BACKGROUND

On March 25, 2015, Davis filed a Complaint alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). Lendmark contacted Davis to remind her that the claims asserted in the Complaint are subject to binding arbitration and requested that the claims be submitted to arbitration in accord with their Arbitration Agreement. In support thereof, Lendmark provided Davis with copies of the following documents:[2]

1. A letter dated April 28, 2014, which provides that Davis' employment "is contingent upon [Davis'] acceptance of, and agreement to comply with, the terms and conditions of the Company's Arbitration Program and Agreement;[3]

2. Davis' electronic acceptance of Lendmark's offer of employment;[4]

3. Lendmark's employee handbook, which references Lendmark's arbitration program and the arbitration agreement;[5]

4. Lendmark Financial Services Arbitration Program & Agreement (the "Arbitration Agreement").[6]

---

[2] A copy of the email chain between Lendmark and Davis providing these documents is attached hereto as Exhibit 1. (Portions of the email chain unrelated to these documents have been redacted.)
[3] A copy of Davis' offer letter is included was also included as an exhibit to Lendmark's Motion to Compel Arbitration. *See* Docket Entry No. 12-4.
[4] A copy of the Candidate Tracking Summary document reflecting Davis' acceptance of Lendmark's offer of employment was also included as an exhibit to Lendmark's Motion to Compel Arbitration. *See* Docket Entry No. 12-3.
[5] A copy of the relevant portions of the Employee Handbook was also included as an exhibit to Lendmark's Motion to Compel Arbitration. *See* Docket Entry No. 12-5.
[6] A copy of the Arbitration Agreement was also included as an exhibit to Lendmark's Motion to Compel Arbitration. *See* Docket Entry No. 12-6.

2

On July 16, Davis informed Lendmark that Davis would not agree to arbitration and that would "need further discovery on the issue."[7] Lendmark has made several attempts to confer with Davis to ascertain the basis for this position and/or why any discovery was necessary; Davis, however, failed to provide any further information or explanation for additional discovery. Therefore, on August 3, 2015, Lendmark filed its Motion to Compel Arbitration, moving this Court for an Order compelling Davis to arbitrate her claims against Lendmark and staying this Action pending completion of arbitration.[8]

On August 6, 2015, Davis filed her Motion to Enlarge, moving the Court for an Order "compelling discovery or striking Stapp's declaration from the record and denying Lendmark Financial Services, LLC's motion to compel arbitration and stay proceedings pending arbitration, and for entry of an order enlarging the time for plaintiff to respond to Lendmark's motion." Davis' Motion to Enlarge at 2. The two-page Motion to Enlarge does not identify any factual dispute or set forth why this matter is not subject to arbitration. Nor does Davis explain why discovery is appropriate at this junction or set forth any basis to strike Stapp's affidavit.

### III. DISCUSSION

    **A. Davis should not be permitted to avoid arbitration and/or conduct discovery on the issue of arbitrability.**

The Supreme Court has established that the Court's inquiry in deciding whether to compel arbitration is limited to two gateway issues: 1) whether a valid agreement to arbitrate exists; and 2) whether there are any issues as to the enforceability of the contract. *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83-84, (2002); *Mitsubishi*

---

[7] *See* Exhibit 1.
[8] *See* Docket Entry No. 12.

3

*Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985) (*citing Prima Paint Corp. v. Flood & Concklin Mfg. Co.*, 388 U.S. 395, 399-400 (1967)).

In its Motion to Compel Arbitration (and in its communications with Davis prior to filing its Motion to Compel), Lendmark attached documents showing that Davis' offer of employment was "contingent upon [her] acceptance of, and agreement to comply with, the terms and conditions of the Company's Arbitration Program and Agreement" and that Davis accepted this offer and agreed to be bound by the Arbitration Agreement. Lendmark also attached the Arbitration Agreement, which provides that the claims of the type asserted in the Complaint are subject to arbitration.

To allow Davis to ignore the Arbitration Agreement and engage in discovery is contrary to the Arbitration Agreement and would run afoul of the FAA's objective to promote efficient dispute resolution outside of the court system. Courts are "obliged not to permit a party to wiggle out of an obligation to which it has agreed." *Peabody Holding Co., LLC v. United Mine Workers of Am., Int'l Union,* 665 F.3d 96, 104 (4th Cir. 2012) (internal quotation marks omitted). Davis provides no support for her proposition that she should be permitted discovery before responding to Lendmark's Motion to Compel Arbitration. The one case cited by Davis, *Gay v. Wall,* does not advance Davis' argument as the issue in that case concerned whether a district court showed its discretion in converting a motion to dismiss to one summary judgment and has nothing to do with a situation where the parties have agreed to arbitrate their disputes.

Where – as is the case here – a party has produced clear, unrebutted evidence of valid arbitration agreement, a motion to conduct discovery inappropriate. *See Levin v. Alms & Assocs., Inc.,* 634 F.3d 260, 264 (4th Cir. 2011); *Alder Run Land, LP v. Ne.*

*Natural Energy LLC,* No. 14-2739, 2015 U.S. App. LEXIS 13968, at *5-7 (3rd Cir. Aug. 10, 2015); *Sanford v. Bracewell & Guiliani, LLP,* No. 14-1763, 2015 U.S. App. LEXIS 11482, at *6-7 (3rd Cir. July 2, 2015). "When parties have entered into a valid and enforceable agreement to arbitrate their disputes and the dispute at issue falls within the scope of that agreement, the FAA requires federal courts to stay judicial proceedings, and compel arbitration in accordance with the agreement's terms." *DIRECTV, LLC v. Saylor*, Civ. A. No. 5:13-cv-111, 2015 U.S. Dist. LEXIS 42947, at *10-11 (W.D. Va. Mar. 31, 2015) (internal quotation marks omitted). In such instances, a Court does not have jurisdiction to allow a party to conduct such discovery, as "discovery is a vital part of the litigation process and permitting discovery constitutes permitting the continuation of the litigation, over which the district court lacks jurisdiction." *Levin,* 634 F.3d at 264. Finally, allowing discovery to proceed "would cut against the efficiency and cost-saving purposes of arbitration." *Id.; see also Morina v. Neiman Marcus Group, Inc.*, 2014 U.S. Dist. LEXIS 141533, *22-26, 2014 WL 4933022 (E.D. Pa. Sept. 30, 2014) (discovery was not permitted on arbitrability of claim when plaintiff presented no evidence that he did not sign an arbitration agreement, did not dispute that he acknowledged documents that contained clear reference to an arbitration agreement, and only presented his own conclusory affidavit in support of his denial of an agreement to arbitrate). As the Fourth Circuit has cautioned,

> [A]llowing discovery to proceed could alter the nature of the dispute significantly by requiring parities to disclose sensitive information that could have a bearing on the resolution of the matter. If we later hold that the claims were indeed subject to mandatory arbitration, the parties will not be able to unring any bell rung by discovery, and they will be forced to endure the consequences of litigation discovery in the arbitration process.

5

*Levin,* 634 F.3d at 265.

### B. Davis has not met her Burden to Show Good Cause.

Under Rule 6(b) of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... if a [motion] is made before the original time ... expires." Fed. R. Civ. P. 6(a). Davis has not met her burden to show good cause as to why the deadline for her response to Lendmark's Motion to Compel Arbitration should be extended. A bald assertion that "much of the information needed to prepare a response to the motion is in the exclusive possession of Lendmark" is insufficient. Lendmark has provided Davis' counsel, even prior to the filing of its Motion to Compel Arbitration, the documents establishing that Davis agreed to arbitrate the claims in her Complaint.

Lendmark would be prejudiced by the delay that Davis requests. One of the principal purposes of arbitration is to permit parties to reach a resolution in a faster, cheaper, and more efficient manner than preceding though litigation. Davis' request to extend the time to respond would prejudice Lendmark by delaying the proceedings and would likely result in both parties having to expend additional costs.

### IV. CONCLUSION

For these reasons and those set forth during the hearing on Davis' Motion to Enlarge, Lendmark respectfully requests that this Court deny Davis' Motion to Enlarge in its entirety.

Respectfully submitted this 24th day of August, 2015.

/s/
Kevin D. Holden (VSB No. 30840)
Crystal L. Tyler (VSB No. 73273)

**JACKSON LEWIS P.C.**
1021 East Cary Street
Suite 1200
Richmond, VA 23219
Telephone: (804) 649-0404
Facsimile: (804) 649-0403
kevin.holden@jacksonlewis.com
crystal.tyler@jacksonlewis.com

C. Todd Van Dyke
Admitted *Pro Hac Vice*
Erin J. Krinsky
Admitted *Pro Hac Vice*
**JACKSON LEWIS P.C.**
1155 Peachtree Street, NE, Suite 1000
Atlanta, Georgia 30309
Telephone: (404) 525-8200
Facsimile: (404) 525-1173
vandyket@jacksonlewis.com
erin.krinsky@jacksonlewis.com

*Counsel for Lendmark Financial Services, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 24, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following CM/ECF participant:

Terry N. Grimes, Esq.
Brittany M. Haddox, Esq.
Terry N. Grimes, Esq., P.C.
Franklin Commons
320 Elm Avenue, SW
Roanoke, VA 24016-4001

*Counsel for Sandra M. Davis*

                                                                                         _____/s/_____
                                           Kevin D. Holden (VSB No. 30840)
                                           **JACKSON LEWIS P.C.**
                                           1021 East Cary Street
                                           Suite 1200
                                           Richmond, VA 23219
                                           Telephone: (804) 649-0404
                                           Facsimile: (804) 649-0403
                                           kevin.holden@jacksonlewis.com

*Counsel for Lendmark Financial Services, LLC*