IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SANDRA M. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 7:15-cv-131 |
| ) | |
| LENDMARK FINANCIAL SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO ENLARGE TIME AND COMPEL DISCOVERY OR
STRIKE DECLARATION AND DENY DEFENDANT'S MOTION TO COMPEL
<u>ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION</u>**

Plaintiff, Sandra M. Davis, through counsel, hereby submits her reply to defendant Lendmark Financial Services, LLC's ("Lendmark") opposition to plaintiff's motion to enlarge time and compel discovery and deny defendant's motion to compel arbitration and stay proceedings pending arbitration.

(1)     Lendmark has moved to compel arbitration on the factual basis of a declaration by Kristen Stapp [ECF 12-2]. The declaration, with exhibits, is 22 pages long.

(2)     Plaintiff has not had the opportunity to conduct discovery on any of the facts asserted in the declaration, to determine whether the documents attached and incorporated into the declaration are authentic, or to determine whether Lendmark has provided all of the relevant information, documentation, or facts to determine the issue at hand — whether plaintiff ever agreed to arbitrate claims with Lendmark.

1

(3) Thus, as stated previously, plaintiff has moved to compel discovery needed to respond to Lendmark's motion to compel arbitration, which is in Lendmark's exclusive possession.

(4) As will become apparent during the course of these proceedings, plaintiff does not recall an agreement to arbitrate claims with Lendmark.

(5) And, notably, the documentation attached as exhibits to Stapp's exhibit do not contain plaintiff's signature. Moreover, the documentation does not appear to be authentic. For example, Exhibit B to Stapp's declaration appears to have text added as portions of the text have been shrunk to a smaller size [ECF 12-4, at 2].

(6) Whether an arbitration agreement exists is a matter of contract law. And, it is therefore for *the Court* to decide whether a valid arbitration agreement exists, and if so, whether there are any issues with respect to the enforceability of the contract. In deciding the question, the Supreme Court has emphasized the importance of the "first principle that underscores all of our arbitration decisions: Arbitration is strictly a matter of consent[.]" Granite Rock Co. v. Int'l Bhd. of Teamsters, 130 S. Ct. 2847, 2857 (2010) (internal quotations omitted). The Federal Arbitration Act ("FAA") provides that "[i]f the making of the arbitration agreement ... be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. §4; Amirmotazedi v. Viacom, Inc., 768 F.Supp.2d 256, 261 (D.D.C. 2011). Since arbitration is a matter of consent, the Supreme Court has stated that courts must be careful not to thrust a party into arbitration who has not agreed to risk that a matter would be decided by an arbitrator rather than a court. Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 154 L.Ed.2d 491, 123 S.Ct. 588 (2002). Many courts have held that even a signed arbitration agreement, which does not exist here, is not enforceable as a result of unconscionability, Circuit City Stores, Inc. v. Adams, 279 F.3d 889 (9th Cir. 2002);

inadequacy of remedy, Perez v. Grove Airport Security Services, Inc., 253 F.3d 1280 (11th Cir. 2001); unreasonable or excessive costs, Cole v. Burns Int'l Security Services, 105 F.3d 1465 (D.C. Cir. 1997); and an illusory promise, Floss v. Ryan's Family Steak Houses, 211 F.3d 306 (6th Cir. 2000).

(7)     Despite what Lendmark claims, there is not unrebutted evidence of a valid arbitration agreement here.  And, as Lendmark holds all of the information, plaintiff will need discovery to respond to defendant's motion.

(8)     Therefore, plaintiff has established good cause pursuant to FRE 6(b) to demonstrate why she cannot respond to motion with a 22 page declaration attached without any evidence whatsoever on the issue.

(9)     Tellingly, the standard upon which the Court will review Lendmark's motion to compel is the

> same standard used in resolving summary judgment motions under Federal Rule of Civil Procedure 56(a). Thus, it is appropriate to grant a motion to stay proceedings [and/or compel arbitration] when the pleadings and the evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking a stay of proceedings [and/or to compel arbitration] bears the initial burden of demonstrating an absence of genuine issues of material fact. In determining whether a genuine issue of material fact exists, the Court must view all facts in the light most favorable to the non-moving party.

Nanosolutions, LLC v. Prajza, 2011 U.S. Dist. LEXIS 66127, at *10-11 (D.D.C. June 2, 2011) (internal quotations and citations omitted).  Therefore, it is evident that the rules contemplate discovery being permitted before granting a motion to compel arbitration, just like in any other Rule 56(a) motion.  And thus, Lendmark is mistaken in its assertion that Gay v. Wall, 761 F.2d 175 (4th Cir. 1985) is inapposite as Lendmark is attempting to have what is essentially a motion for summary judgment heard without affording plaintiff the opportunity to conduct the discovery necessary to

3

respond to the motion.

WHEREFORE, plaintiff Sandra M. Davis requests entry of an order compelling discovery or striking Stapp's declaration from the record and denying Lendmark Financial Services, LCC's motion to compel arbitration and stay proceedings pending arbitration, and for entry of an order enlarging the time for plaintiff to respond to Lendmark's motion.

Respectfully submitted,

SANDRA M. DAVIS

By  */s/ Terry N. Grimes*
       Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
Brittany M. Haddox, Esquire (VSB No. 86416)
TERRY N. GRIMES, ESQ., P.C.
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
(540) 982-3711
(540) 345-6572 *Facsimile*
Email: *tgrimes@terryngrimes.com*
Email: *bhaddox@terryngrimes.com*
    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2015, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court through the CM/ECF system, which will send notification to all counsel of record.

       */s/ Terry N. Grimes*
       Terry N. Grimes