CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 15 2017

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| SANDRA M. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15-cv-000131 |
| | ) | |
| v. | ) | |
| | ) | |
| LENDMARK FINANCIAL | ) | By: Hon. Michael F. Urbanski |
| SERVICES, LLC, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OPINION

Plaintiff Sandra M. Davis filed this employment action on March 25, 2015.

Defendant Lendmark Financial Services, LLC moved to compel arbitration. The court

denied the motion without prejudice and set this matter down for a jury trial on the discrete

factual issue of whether the parties entered into an agreement to arbitrate. On May 20, 2016,

the jury returned a verdict favorable to Lendmark, finding Lendmark proved Davis

electronically accepted an offer of employment that included an agreement to arbitrate, and

that Davis received notice of Lendmark's Arbitration Program and Agreement during her

employment and agreed to comply with its terms and conditions by continuing to work

there. No post-trial motions were filed.

At a status conference on June 27, 2016, Lendmark renewed its motion to compel

arbitration, which the court granted by Order entered June 29, 2016. The case was stayed

pending arbitration pursuant to 9 U.S.C. § 3, and the parties were directed to advise the

court of the status of the case every six months until arbitration proceedings had concluded.

In a status report filed October 27, 2017, Davis indicated that the arbitrator had granted summary judgment in Lendmark's favor, and that the arbitration had concluded. Accordingly, the court entered an Order directing Davis to show cause as to why this case should not be dismissed and stricken from the active docket of the court.

In a three-paragraph responsive filing, Davis asserts this case should not be dismissed, referencing her memorandum in opposition to Lendmark's motion to compel arbitration filed two years earlier, and incorporating by reference generally the objections raised at the May 2016 trial that were overruled by the court. Davis further asserts without support that "the summary judgment opinion issued by Arbitrator Wade is clearly contrary to the law of this Circuit and the facts were not taken in the light most favorable to plaintiff and were erroneously assessed in a disaggregated fashion." Pl.'s Resp., ECF No. 102. Davis again relies on and incorporates by reference generally her memorandum in opposition to Lendmark's motion for summary judgment filed before the arbitrator, which she attaches as an exhibit to her response to the Show Cause Order filed in this court.

For its part, Lendmark takes the position that nothing further need be done in this matter, except for Lendmark's request for entry of judgment.[1] Lendmark argues in a reply brief filed at the direction of the court that Davis offers no support whatsoever for her assertion that the motion to compel arbitration should have been denied and that the arbitrator's decision is clearly erroneous and contrary to law. The court agrees with Lendmark.

---

[1] No such request has been made to date.

There were no post-trial motions filed following the jury verdict in this case[1]—nor is there any motion currently pending before the court for that matter. Davis cannot now argue (in two lines of a response to a Show Cause Order, with no support other than vague reference to arguments and objections previously raised and overruled by the court more than a year ago) that the court's decision to stay this matter in favor of arbitration was erroneous and that this action therefore ought not be dismissed. Similarly, Davis offers no explanation or support for her position that the arbitrator's award is "clearly contrary to the law of this Circuit," referencing only her brief filed in opposition to summary judgment. Davis has not formally moved to vacate the arbitrator's decision. But even if she did, the simple fact that she disagrees with the arbitrator's ruling is not grounds for the court to review that decision. "The process and extent of federal judicial review of an arbitration award are substantially circumscribed." Patten v. Signator Ins. Agency, Inc., 441 F.3d 230, 234 (4th Cir. 2006). Parties seeking to vacate an arbitration award shoulder a heavy burden. Id. at 235. The Federal Arbitration Act sets forth grounds that may form the basis for vacatur of an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

---

[1] Indeed, at the June 27, 2016 status conference at which Lendmark renewed its motion to stay and compel arbitration in light of the jury verdict, Davis indicated she had already begun to initiate arbitration proceedings.

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). There is no suggestion that any of these grounds is present in the instant case.

A federal court may also vacate an arbitrator's award upon a showing of limited common law grounds, such as where an award "evidences a manifest disregard of the law." Patten, 441 F.3d at 234. While this is what Davis hints at, she offers no support whatsoever for the proposition that the arbitrator in this case acted "clearly contrary to the law of this Circuit." Pl.'s Resp., ECF No. 102. No colorable grounds for vacatur of the arbitration award have been presented to the court.

Simply put, there is nothing further for the court to do in this case. The court determined following a jury trial that the parties entered into a valid agreement to arbitrate. It stayed this case to allow arbitration to proceed. Davis indicates the arbitration proceedings have now concluded and the arbitrator issued an award on the merits in Lendmark's favor. There are no motions pending before the court and no claims left for the court to resolve. Accordingly, the court will enter an Order dismissing this case from the active docket at this time.

The court will consider an appropriate motion brought pursuant to 9 U.S.C. §§ 9, 13, should one be filed.

Entered: 12/15/17

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

4